## George Christian *against* William Scott.

*December,* 1824.

Assignee against Obligor of bond and issues on pleas of fraud and failure of consideration.
1, Testimony is admissible to prove that obligor, after discovering the fraud, by agreement with obligee, submitted this and other matters between them to arbitration; that after award made he agreed to it, and took the benefit of it.
2, The fraud alleged being in obligee's representations of his title to lands sold to obligor, on which there were incumbrances, the bond being for part of the price, if obligee put obligor into possession, and he retains possession and takes upon himself the ownership, he cannot avoid the payment of the bond under the plea of fraud.

THIS was an action of debt by *Christian* against *Scott* in *Madison* County Court, on two bonds for $2000 each, payable to *John Evans*, and by him assigned to the plaintiff; to which defendant plead failure of consideration and fraud, with leave to give special matter in evidence; on which issues were taken and verdict and judgment rendered for defendant. On the trial the defendant proved that the bonds were given in part consideration for a tract of land sold by *Evans* to him for $11,000, and that he had given other bonds for the residue of this sum payable to *Evans*. That *Evans*, when he made the sale, declared that he had a fair title, and that the land was free from all incumbrance. The defendant also gave in evidence the following deeds, all for the same land, to wit: From *John Brown* and wife, to *Caleb Brown*, dated 9th of *March*, 1819. From *John Brown* and wife, *Parmelia* and *Daniel Brown* and others, to *Evans*, dated 17th of *April*, 1820. From *Evans*, dated 17th of *April*, 1820, to *Thomas Brandor* in trust to secure to *Brown* the payment of $4,000, and to indemnify him from all damage in consequence of an attachment, *Massengale* against *Evans*, which had been levied in the hands of *Brown* as garnishee. A deed from *Evans* and wife to *Scott*, the defendant, dated 20th day of *April*, 1820, all of which deeds had been duly recorded. The defendant proved that this last deed was made one day before the deed of trust from *Evans* to *Brandon* had been recorded, but three days after it had been delivered into the Clerk's office to be recorded. The plaintiff then proved that soon after the sale by *Evans* to *Scott*, (there being no proof that *Scott* knew of the incumbrances

on the land,) *Evans* delivered possession to *Scott*, who retained possession until the time of trial.

It was also proved that *Brandon*, the trustee, advertised the land for sale, and that *Scott* obtained an injunction prohibiting the sale ; and that afterwards the Court made an interlocutory decree (in the above mentioned suit in Chancery,) *Scott* complainant, and *Brown, Evans*, and *Brandon* defendants by consent of the parties, reciting that *Scott* had given to *Brown* two notes with security for $1000 each, and a note without personal security for $2000, to secure which it was agreed that the land should remain bound ; and reciting that *Caleb Brown*, the bargainee in the deed first mentioned, had since died, and his right to the land had descended to his brothers and sisters, five of whom were of full age and five within age ; that it was agreed that before *Brown* should demand payment of the second note of $1000 he should produce a release from his two oldest sons (who would before then have come of full age) of all right and claim to the land ; and that before he could demand payment of the note for $2000 he should produce a like release from his three youngest children (all of whom would be of age before this last mentioned note should become due). It was therefore ordered and decreed, that should *Brown*, at the first term after the 31st day of *March*, 1831, (the day on which the note for $2000 was payable) produce the release of his five children, who were under age when the above mentioned notes were given, of all right or claim in the land ; and make it appear that *Scott* had failed to pay off said note for $2000 and interest thereon ; this Court at said term shall dissolve the injunction, and decree a sale of said land to satisfy said sum and interest. It was proved that *Caleb Brown* had died before the deed from *Brown* to *Evans* was made.

The plaintiff then offered to introduce evidence to shew that there had been large dealings between *Evans* and *Scott*, both in *North Carolina* and in this State ; that after *Scott* discovered that the deed of trust had been given to *Brandon*, and after *Evans* had assigned to the plaintiff the bonds on which this suit was brought, the defendant and *Evans*, without the presence or authority of the plaintiff, agreed to leave their business, including the matter of the sale of this land and the lien held thereon by *Brown*, to arbitrators ; that in conformity to this agreement, which was by parol, they submitted these matters of difference to ———————— ; but before the submission, said *Evans* and *Scott* stated to the arbitrators that the whole contract in relation to the land was rescinded, and that all the aforesaid matters were submitted to their award.

The arbitrators by parol awarded that *Scott* should pay to *Christian* the two notes on which this suit is founded (they having been previously assigned to him), and that *Evans* should deliver up the other notes, amounting to $7000, to be cancelled ; and that *Scott* should take the land subject to the incumbrances arising from said deed of trust and the claim of the infant heirs of *Caleb Brown.* The plaintiff further offered to prove that *Evans* did deliver to *Scott* said notes for $7000, being the balance of the price agreed to be given by *Scott* to *Evans* for the land, after deducting the amount specified in the two bonds on which this action is brought ; that *Scott* agreed to the award, and the notes delivered up were cancelled ; all which evidence on the objection of the defendant the Court rejected.

After the evidence was closed, the plaintiff by his attorney moved the Court to instruct the Jury, that although *Evans* made fraudulent representations as to his title in the sale of the land to *Scott,* yet if *Scott* received possession from *Evans,* and carried the contract into execution by taking upon himself the ownership of the land, payment of the obligations on which this suit is brought could not be avoided under the plea of fraud. The Court refused to give such instructions, and instructed the Jury that if they should believe that the contract for the sale of the land was fraudulent, and that the bonds sued on were in part of the purchase money, the bonds, having originated in fraud, could not be recovered; and that they ought to find for the defendant ; to all which the plaintiff excepted, &c.

On his writ of Error to this Court the plaintiff assigned the matter of the bill of Exceptions as Error.

*John M. Taylor* for plaintiff in Error, cited 2 Whea. 62. 4 Taunt. 329. 7 John. 259, 376. 2 John. 1, 395. 2 Mass. 432. 9 John. 337. Kidd on Awards, 29, 104, 179. 12 Mass. 134. 1 Vezy, 367. 2 Vez. 22.

*Clay,* for defendant in Error.

The Chief Justice delivered the opinion of the Court.

We are of opinion that the Court below erred in rejecting the testimony offered, and also erred in refusing to give to the Jury the instructions prayed for on behalf of the plaintiff.

Let the judgment be reversed, and the cause be remanded.

Judge *Minor* having been of counsel, did not sit.